UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
WESTERN DIVISION

UNITED STATES OF AMERICA

VS.                                          CRIMINAL NO. 5:12cr2-DCB-FKB

ANGELA PRESLEY                                                  DEFENDANT

<u>MEMORANDUM OPINION AND ORDER</u>

This criminal action is before the Court on the defendant Angela Presley's Rule 29 Motion. After carefully considering the motion, the record, and the applicable law, the Court finds as follows:

The grand jury returned an indictment in this case on February 7, 2012. Defendant Angela Presley was indicted on three counts: (1) wire fraud in violation of 18 U.S.C. § 1343; (2) access device fraud in violation of 18 U.S.C. § 1029(a)(2); and (3) aggravated identity theft in violation of 18 U.S.C. § 1028A. The trial of this action began on August 20, 2012, and continued until August 23, 2012.

On August 21, 2012, after the government rested, Presley made an oral motion pursuant to Rule 29 of the Federal Rules of Criminal Procedure for judgment of acquittal. The motion was denied. The defendant put on her case-in-chief, including the defendant's own testimony, beginning August 21, 2012, and ending August 22, 2012. Beginning August 22, 2012, and continuing on August 23, the government called witnesses in rebuttal. On August 23, 2012, the defendant also testified in rebuttal. At the conclusion of all the

evidence, the defendant again moved for a judgment of acquittal pursuant to Rule 29, and the Court took the motion under advisement. The jury began its deliberations on August 23, 2012, and returned its verdict of guilty on all counts.

Rule 29(a) of the Federal Rules of Criminal Procedure provides that after the government closes its evidence or after the close of all the evidence, on a defendant's motion, the court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." The Fifth Circuit has explained that in determining whether there is sufficient evidence to support a conviction, the court must determine "whether a rational juror could have found the elements of the offense proved beyond a reasonable doubt. In so doing, we view the evidence in the light most favorable to the government, with all reasonable inferences and credibility choices made in support of the jury verdict." United States v. Valles, 484 F.3d 745, 752 (5th Cir. 2007)(footnotes and citation omitted).

In making this determination, the Court carefully considers the elements of each count, as set forth in the jury instructions in this case. To establish that the defendant committed wire fraud, as charged in Count 1 of the Indictment, the government must show (1) a scheme to defraud; (2) that the defendant acted with a specific intent to defraud; (3) the use of interstate wire communication in furtherance of the scheme; and (4) that the scheme

to defraud employed false material representations.

In support of defendant's oral Rule 29 motion, her counsel argued that she was acting with actual, implied and/or apparent authority from Pam Powers, and not with specific intent to defraud. "Intent to defraud requires a wilful act by the defendant with the specific intent to deceive or cheat, usually for the purpose of getting financial gain for one's self or causing financial loss to another." United States v. Britton, 289 F.3d 976, 981 (7th Cir. 2002). "However, '[b]ecause direct evidence of a defendant's fraudulent intent is typically not available, specific intent to defraud may be established by circumstantial evidence and by inferences drown from examining the scheme itself ....'" United States v. Paneras, 222 F.3d 406, 410 (7th Cir. 2000)(alteration in original)(quoting United States v. LeDonne, 21 F.3d 1418, 1426 (7th Cir. 1994)).

The defendant's trial strategy was to claim that she had Pam Powers' authorization to apply for a credit card in Powers' name and to make payments with that credit card, and two other credit cards belonging to Pam Powers, for the defendant's personal bills and purchases. The government offered the testimony of Pam Powers, who denied she had given such authorization, and other evidence showing the circumstances under which the cards were used. The Court finds that the record contains sufficient evidence from which a jury could find use of the cards was not authorized and that

there was specific intent to defraud.

To establish aggravated identity theft (Count 3), the government must show that the defendant knowingly used the "means of identification" of another person, without lawful authority, during and in relation to the commission of a felony violation. In this case, aggravated identity theft required evidence that the defendant committed the predicate offense of wire fraud. The defendant moved for acquittal as to Count 3 on the same basis as to Count 1 (i.e. that the credit card application made by the defendant in Pam Powers' name was made with Powers' authorization). The Court finds that there was sufficient evidence from which a jury could find that the defendant used Pam Powers' name, date of birth, and social security number without lawful authority during commission of the crime charged in Count 3. The Rule 29 motion therefore fails on Count 3 for the same reason it fails as to Count 1 (sufficient evidence of lack of authorization).

As for Count 2 (access device fraud), the government must show that the defendant (1) used one or more credit card numbers, (2) during a one-year period in which she obtained one or more things of value in the total amount of $1,000 or more, (3) with intent to defraud, and (4) that the conduct affected interstate commerce. In support of her motion, defendant's counsel argued that the aggregate amount did not reach $1,000, and also that the access devices were not unauthorized. Again, the Court finds sufficient

evidence from which a jury could find use of the cards was unauthorized and that there was specific intent to defraud. The Court also finds sufficient evidence from which a jury could find unauthorized use of the cards was at least $1,000.

As said, at the close of the case the defense motion was renewed and was taken under advisement. The Court wanted an opportunity to carefully review all of the evidence and having now done so the Court finds that under the Rule 29 standard, there was sufficient evidence to support the jury's verdict on all three counts. Accordingly,

IT IS HEREBY ORDERED that the defendant Angela Presley's motion for judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure is DENIED.

SO ORDERED, this the  31st  day of August, 2012.

                                                s/ David Bramlette  
                                        UNITED STATES DISTRICT JUDGE