```
                   UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
                           WESTERN DIVISION
```

UNITED STATES OF AMERICA

VS.                                    CRIMINAL NO. 5:12cr2-DCB-FKB

ANGELA PRESLEY                                              DEFENDANT


                      MEMORANDUM OPINION AND ORDER

This criminal action is before the Court on the defendant Angela Presley's Motion for Rule 29 Judgment of Acquittal and Motion for new Trial Under Rule 33 **(docket entry 33)**. After carefully considering the motion and the government's response, as well as the record in this case and the applicable law, the Court finds as follows:

The trial of this case took place August 20, 2012, through August 23, 2012.[1] The defendant Angela Presley was found guilty of all three counts in the indictment: (1) wire fraud in violation of 18 U.S.C. § 1343; (2) access device fraud in violation of 18 U.S.C. § 1029(a)(2); and (3) aggravated identity theft in violation of 18 U.S.C. § 1028A.

As an initial matter, the Court notes that it has already

---

[1] The Federal Rules of Criminal Procedure provide that motions under Rule 29 must be filed "within 14 days after a guilty verdict or after the court discharges the jury, whichever is later;" and that motions under Rule 33 on any grounds other than newly discovered evidence must be filed "within 14 days after the verdict or finding of guilty." Since the jury returned its verdict on August 23, 2012, and was discharged the same day, the defendant's motions, filed September 6, 2012, are timely.

ruled on the defendant's motion for judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure. See Memorandum Opinion and Order of August 31, 2012 **(docket entry 32)**. The Court therefore denies the present Rule 29 motion and refers to its previous Order and the findings therein. As for the motion for new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure, the Fifth Circuit has described how the standards applicable to Rule 29 and Rule 33 are different:

> According to the Federal Rules of Criminal Procedure, a court on motion of a defendant may grant a new trial if required in the interest of justice. Fed.R.Crim.P. 33. The trial judge may weigh the evidence and may assess the credibility of the witnesses during its consideration of the motion for new trial. No such discretion is allowed when the court decides a motion for a judgment of acquittal [under Rule 29]. Indeed, the court must view the evidence in a light most favorable to the verdict. In effect, the court assumes the truth of the evidence offered by the prosecution. Consequently, a review of a motion for new trial is reviewed under a more lenient standard than a motion for judgment of acquittal.

United States v. Robertson, 110 F.3d 1113, 1117 (5th Cir. 1997).

A motion for new trial under Rule 33 permits the Court to grant a new trial "if the interest of justice so requires." Fed.R.Crim.P. 33. In the Fifth Circuit, "the generally accepted standard is that a new trial ordinarily should not be granted unless there would be a miscarriage of justice or the weight of evidence preponderates against the verdict." United States v. Wright, 634 F.3d 770, 775 (5th Cir. 2011). "In determining whether to grant the motion, the district court must carefully weigh the

2

evidence and may assess the credibility of the witnesses during its consideration of the motion for new trial, but must not entirely usurp the jury's function, or simply set aside a jury's verdict because it runs counter to the result the district court believed was more appropriate." United States v. Tarango, 396 F.3d 666, 672 (5th Cir. 2005)(internal quotations and citations omitted). Granting a new trial "should be exercised infrequently by district courts, unless warranted by 'exceptional' circumstances." Id. (citations omitted).

In this case, the defendant's trial strategy was to claim that she had Pam Powers' authorization to apply for a credit card in Powers' name and to make payments with that credit card, as well as two other credit cards belonging to Pam Powers, for the defendant's personal bills and purchases. Defendant's counsel argued that she was acting with actual, implied and/or apparent authority from Pam Powers, and not with specific intent to defraud. "Intent to defraud requires a wilful act by the defendant with the specific intent to deceive or cheat, usually for the purpose of getting financial gain for one's self or causing financial loss to another." United States v. Britton, 289 F.3d 976, 981 (7th Cir. 2002). "However, '[b]ecause direct evidence of a defendant's fraudulent intent is typically not available, specific intent to defraud may be established by circumstantial evidence and by inferences drown from examining the scheme itself ....'" United

States v. Paneras, 222 F.3d 406, 410 (7th Cir. 2000)(alteration in original)(quoting United States v. LeDonne, 21 F.3d 1418, 1426 (7th Cir. 1994)).

The government offered the testimony of Pam Powers, who denied she had given such authorization, and other evidence showing the circumstances under which the cards were used. In ruling on the defendant's Rule 29 motion, the Court found that the record contains sufficient evidence from which a jury could find use of the cards was not authorized and that there was specific intent to defraud.

In her present motion for new trial pursuant to Rule 33, the defendant states the following:

> ... Before the beginning of testimony on the third day of trial, the defense brought [to the Court's attention] the fact that Pam Powers had violated the Court's Rule 615 order of sequestration of witnesses. The jury was not made aware of this fact. However, the violation of Rule 615 shows that Powers has a blatant disregard for the rules of the Court, and shows she was willing to cheat, and do whatever necessary to see that the defendant was found guilty. The conclusion the Court must make that a "victim" willing to cheat the rules of the Court would be willing to also commit perjury against the Court is an easy one.
>
> Pam Powers' testimony was also impeached during testimony. In fact, Pam Powers impeached her own testimony at trial. After describing the relationship she had with the defendant over the years since the defendant's childhood, describing the amount of trust she had in the defendant, and then testifying that she paid for the defendant's wedding dress and wedding that was hosted at Powers' home, Powers testified that she did not have a close personal relationship with the defendant. Powers did not only impeach her own testimony, but every agent from Broker South who testified, including Carolyn

4

> Walker, who was the government's witness, described Powers and the defendant as having a very close relationship, some even describing it as a mother/daughter relationship.
>
> The impeachment of the only witness whose testimony could prove the element of intent to defraud, coupled with her obvious disregard for the rules of the Court, which show she was willing to cheat the Court to make sure the defendant was found guilty, renders the testimony of that witness incredible to the point that no reasonable juror could have found the defendant guilty of that element.

Defendant's Motion, pp. 1-2.

Presley makes two arguments in her motion for new trial: (1) that the testimony of Pam Powers was impeached during trial to such an extent that it could not possibly support a finding of guilt beyond a reasonable doubt; and (2) that the testimony of Pam Powers was so tainted by her violation of the Court's Rule 615 witness sequestration order that a new trial is necessary.

"Questions concerning witness credibility are, except under the most extreme circumstances, properly reserved for the jury." U.S. v. Hunt, 412 F.Supp.2d 1277 (M.D. Ga. 2005). "Testimony is considered incredible if it is 'unbelievable on its face, i.e., testimony as to facts that [the witness] physically could not have possibly observed or events that could not have occurred under the laws of nature.'" Id. (quoting United States v. Rivera, 775 F.2d 1559, 1561 (11th Cir. 1985)). The differences in testimony concerning whether Powers had a "close personal relationship" with the defendant, while constituting impeachment evidence subject to

5

credibility determination by the jury, is not the kind of evidence that could render Powers' testimony so incredible as to warrant a new trial.

Similarly, the witness sequestration violation in this case was not sufficiently prejudicial to render the trial fundamentally unfair. On the morning of the third day of trial (August 22, 2012), before the jury was seated, defendant's counsel brought to the Court's attention a violation of the sequestration rule by Pam Powers. Powers had apparently contacted defense witness Jamee Comans by telephone on the evening of August 21, 2012, and made inquiries into the substance of Ms. Comans' testimony that afternoon. Defendant's counsel requested that the Court impose a sanction against Ms. Powers, prohibiting her from further testimony.

Neither Ms. Powers nor Ms. Comans was recalled to the witness stand by either side; thus, the prohibition became unnecessary. In addition, defendant's counsel was not foreclosed from making any further inquiry or argument on the issue. The purpose of a sequestration order is to prevent witnesses from being taught or prompted by each other's testimony, and to prevent fabrication or collusion. See United States v. Wylie, 919 F.2d 969, 976 (5th Cir. 1990). The violation in this case occurred after the conclusion of Powers' and Comans' testimonies. There is no allegation that the sequestration violation affected the substance of either witness's

prior testimony.  Since neither witness was recalled to the stand, the defendant cannot show the kind of prejudice she must show to warrant a new trial.  See United States v. Miller, 499 F.2d 736, 742 (10th Cir. 1974).

The defendant's Rule 29 motion was denied in this Court's Memorandum Opinion and Order of August 31, 2012.  To the extent the defendant seeks to have the Court reconsider its previous ruling, the motion is denied.  As for the defendant's Rule 33 motion, the Court finds that she has failed to show manifest injustice, and that the jury's verdict is supported by competent, satisfactory and sufficient evidence in the record.

Accordingly, for the reasons heretofore stated,

IT IS HEREBY ORDERED that the defendant Angela Presley's Motion for Rule 29 Judgment of Acquittal and Motion for new Trial Under Rule 33 **(docket entry 33)** are DENIED.

SO ORDERED, this the 16th day of October, 2012.

    /s/ David Bramlette
    UNITED STATES DISTRICT JUDGE