UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
WESTERN DIVISION

UNITED STATES OF AMERICA

VS.                                    CRIMINAL NO. 5:12cr2-DCB-FKB

ANGELA PRESLEY                                              DEFENDANT

ORDER

This criminal action is before the Court on the defendant Angela Presley's Motion for Release Pending Appeal **(docket entry 42)**. After carefully considering the motion and the government's response, as well as the record in this case and the applicable law, the Court finds as follows:

The trial of this case took place August 20 through August 23, 2012. Presley was found guilty of all three counts in the indictment: (1) wire fraud in violation of 18 U.S.C. § 1343; (2) access device fraud in violation of 18 U.S.C. § 1029(a)(2); and (3) aggravated identity theft in violation of 18 U.S.C. § 1028A. On August 31, 2012, the Court denied the defendant's motion for judgment of acquittal pursuant to Rule 29. On October 16, 2012, the Court denied the defendant's motion for new trial pursuant to Rule 33. On November 30, 2012, the Judgment was entered and the defendant filed her notice of appeal that same day.

In her present motion, the defendant seeks release pending appeal in accordance with the executed, unsecured appearance bond previously entered in this cause for the defendant's release

pending trial, or on such terms and conditions as the Court may deem just. Federal Rule of Criminal Procedure 9(b)("Release Pending Appeal From a Judgment of Conviction") provides in pertinent part:

> Application for release after a judgment of conviction shall be made in the first instance in the district court. If the district court refuses release pending appeal, or imposes conditions of release, the court shall state in writing the reasons for the action taken. Thereafter, if an appeal is pending, a motion for release, or for modification of the conditions of release, pending review may be made to the court of appeals or to a judge thereof ....

Fed.R.Crim.P. 9(b). Section 3148(b) of the Bail Reform Act ("Release or detention pending appeal by the defendant") provides in pertinent part:

> (1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for writ of certiorari, be detained, unless the judicial officer finds -
>
> (A) by clear and convincing evidence that a person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or © of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in -
>
>> (i) reversal,
>>
>> (ii) an order for a new trial,
>>
>> (iii) a sentence that does not include a term of imprisonment, or
>>
>> (iv) a reduced sentence to a term of imprisonment less

> than the total of the time already served plus the
> expected duration of the appeal process.

18 U.S.C. § 3143(b).

Under the Bail Reform Act, then, a convicted defendant must be detained pending appeal unless certain specific criteria are satisfied. The defendant has the burden of establishing the following four factors in order to obtain release on bail pending appeal:

> (1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;
>
> (2) that the appeal is not for purposes of delay;
>
> (3) that the appeal raises a substantial question of law or fact; and
>
> (4) that if a substantial question is determined favorably to the defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.

U.S. v. Valera-Elizondo, 761 F.2d 1020, 1025 (5th Cir. 1985); U.S. v. Giancola, 754 F.2d 898, 901 (11th Cir. 1985); U.S. v. Miller, 753 F.2d 19, 24 (3rd Cir. 1985).

In this case, the United States concedes that Presley is not a flight risk and that there is no evidence she would pose a danger to anyone if released. In addition, since the defendant filed her notice of appeal the same day judgment was entered, there is no evidence of delay, and the United States also concedes that this element is satisfied.

The issue before the Court, therefore, is whether Presley's

appeal raises a "substantial question" of law or fact "likely" to result in a sentence that would not include imprisonment or a sentence shorter than the time it would take for her appeal to be completed.  A "substantial question" is "a question that is either novel, which has not been decided by controlling precedent, or which is fairly doubtful."  Valera-Elizondo, 761 F.2d at 1023 (citing Miller, 753 F.2d at 23).  The Fifth Circuit has defined "likely" as meaning that, if an error is found, it is "more probable than not" that the appellate court will reverse the conviction or sentence.  Id. at 1024.

Presley offers no argument whatsoever concerning the third and fourth factors.  Since the burden is on the defendant to establish all four factors, the Court finds that by failing to raise any argument concerning a substantial question of law or of fact, she has failed to meet her burden and her motion is not well taken.  Accordingly,

IT IS HEREBY ORDERED that the defendant Angela Presley's Motion for Release Pending Appeal **(docket entry 42)** is DENIED.

SO ORDERED, this the 7th day of January, 2013.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE